## GUNTER v. STATE.

(Court of Criminal Appeals of Texas. April 17, 1912. Rehearing Denied May 15, 1912.)

1. BAIL (§ 65*)—APPEAL—RECOGNIZANCE—SUFFICIENCY.

A recognizance, which does not show that accused has been convicted of any offense, and what punishment, if any, has been assessed against him, is fatally defective.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

2. CRIMINAL LAW (§ 1092*)—BILL OF EXCEPTIONS—TIME TO FILE—REVIEW.

A bill of exceptions, not filed within the time authorized by the court, cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Henry Gunter was convicted of crime, and he appeals. Dismissed.

Jas. A. Stephens, of Benjamin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. [1] The recognizance in this case is fatally defective, in that it does not show that defendant has been convicted of any offense, and what punishment, if any, was assessed against him, and is defective in other particulars. The Assistant Attorney General has moved to dismiss the appeal on account of said defects, and the motion is sustained.

[2] In addition to this, the bills of exceptions contained in the record were not filed within the time authorized by the court, and could not be considered, were this case properly before us.

Appeal is dismissed.